IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **VENTURA COASTAL, LLC,**<br>                                    **Plaintiff,**<br>                 v.<br>**UNITED STATES,**<br>                                    **Defendant.** | Before:   Hon. _____,<br>                    Judge<br><br>Court No. 23-00009 |

## COMPLAINT

Plaintiff Ventura Coastal, LLC ("Plaintiff" or "Ventura Coastal"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.      Plaintiff brings this complaint to contest portions of the final affirmative determination issued by the U.S. Department of Commerce ("Commerce") in the antidumping duty investigation of certain lemon juice from Brazil. Specifically, Plaintiff contests Commerce's negative determination with respect to Louis Dreyfus Company S.A. ("LDC") (*i.e.*, calculation of a *de minimis* dumping margin), and subsequent exclusion of the company from the affirmative portion of Commerce's final determination. The final results of this investigation were issued on December 19, 2022 and published in the *Federal Register* on December 23, 2022. *See Certain Lemon Juice from Brazil*, 87 Fed. Reg. 78,939 (Dep't Commerce Dec. 23, 2022) (final affirm. deter. of sales at less than fair value) ("*Final Determination*") and accompanying Issues and Decision Memorandum ("Final Decision Memo").

### JURISDICTION

1

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Section 516A of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(ii).

## STANDING

3. Plaintiff, Ventura Coastal, LLC, is a U.S. manufacturer of the domestic like product. As such, Plaintiff is an "interested" party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(C). In addition, Plaintiff participated in the investigation which led to the challenged final results, and accordingly has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on January 18, 2023, within 30 days after the publication of the final results in the *Federal Register*. Plaintiff is filing the Complaint within thirty days after filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. On December 30, 2021, Plaintiff filed petitions with Commerce and the U.S. International Trade Commission ("Commission") alleging that the domestic industry was materially injured or threatened with material injury by reason of dumped imports of certain lemon juice from Brazil and South Africa. *See Lemon Juice From Brazil and South Africa*, 87 Fed. Reg. 3,768 (Dep't Commerce Jan. 19, 2022) (initiation of less-than-fair-value investigation). On January 19, 2022, Commerce initiated antidumping duty investigations of certain lemon juice from Brazil and South Africa. *See id*.

6. With respect to the antidumping duty investigation concerning Brazil, Commerce selected two companies for individual examination: Citrus Juice Eireli ("Citrus Juice") and Louis Dreyfus Company S.A. ("LDC"). *See Certain Lemon Juice From Brazil*, 87 Fed. Reg. 47,697 (Dep't Commerce Aug. 4, 2022) (prelim. affirm. deter. of sales at less than fair value, postponement of final deter., and extension of provisional measures) ("*Preliminary Determination*") and accompanying Decision Memorandum ("Preliminary Decision Memo") at 2.

7. On August 4, 2022, Commerce published its preliminary determination in the antidumping duty investigation. *See Preliminary Determination*. Commerce calculated a preliminary antidumping duty rate of 21.49% for Citrus Juice, 4.45% for LDC, and 12.97% for all other non-individually examined companies. *See id.*

8. On October 21, 2022, Commerce published LDC's Cost Verification Report. *See* Memorandum from Samuel Shobowale to the File, re: *Verification of the Cost Response of Louis Dreyfus Company Sucos S.A. in the Lower-Than-Fair-Value Investigation of Certain Lemon Juice from Brazil* (Oct. 21, 2022) ("Cost Verification Report").

9. On November 2, 2022, and November 10, 2022, Plaintiff and LDC, respectively, submitted case and rebuttal briefs discussing the various issues raised in Commerce's Preliminary Decision Memo and Cost Verification Report. *See* Letter from Buchanan, Ingersoll & Rooney PC, to Sec'y of Commerce re: *Certain Lemon Juice from Brazil: Petitioner's Case Brief as to Louis Dreyfus Company Sucos S.A.* (Nov. 2, 2022); Letter from White & Case LLP to Sec'y of Commerce, re: *Certain Lemon Juice from Brazil: Case Brief* (Nov. 2, 2022); Letter from Buchanan, Ingersoll & Rooney PC, to Sec'y of Commerce re: *Certain Lemon Juice from Brazil: Petitioner's Rebuttal Brief as to Louis Dreyfus Company Sucos S.A.* (Nov. 10, 2022); Letter from

White & Case LLP to Sec'y of Commerce, re: *Certain Lemon Juice from Brazil: Rebuttal Brief of LDC Sucos* (Nov. 10, 2022).

10. On December 23, 2022, Commerce published its final determination in the antidumping duty investigation. *See Final Determination*. As explained in the Final Decision Memo, Commerce reversed its earlier decision in the *Preliminary Determination* regarding LDC's affiliation with its primary fresh lemon supplier on the basis that no close supplier relationship existed between the two entities. *See* Final Decision Memo at cmt. 3. Further, while Commerce calculated LDC's G&A expense rate using LDC's FY 2020 financial statements – because LDC's FY 2021 financial statements were not placed on the record of the proceeding until verification and "{c}onsequently, interested parties did not have sufficient time to examine the information – Commerce excluded certain expenses associated with services provided by LDC's parent company from LDC's G&A expense rate, and proceeded to calculate the "KDM material price adjustment" using LDC's FY 2021 financial statement. *See id*. at cmt. 6-7.

11. Based in part on its analysis regarding the issues described above, Commerce calculated a final antidumping duty rate of 0.00%, or *de minimis*, for LDC. *See id.*; Final Decision Memo. Additionally, Commerce calculated a final antidumping duty rate of 22.31% for Citrus Juice and, in light of LDC's *de minimis* dumping margin, assigned all non-individually examined companies an antidumping duty rate equal to that of Citrus Juice *i.e.*, 22.31%. *See id*.

12. Following the publication of Commerce's final determination, and associated calculation disclosure documents, Plaintiff timely filed ministerial error rebuttal comments on January 3, 2023, identifying certain ministerial errors with respect to Commerce's draft programming instructions. *See* Letter from Buchanan, Ingersoll & Rooney PC, to Sec'y of

Commerce re: *Certain Lemon Juice from Brazil: Rebuttal Ministerial Error Allegation as to Louis Dreyfus Company Sucos S.A.* (Jan. 3, 2023).

## **CLAIMS AND BASIS FOR RELIEF**

### Count I

13. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12.

14. Commerce's non-affiliation determination regarding LDC and its primary fresh lemon supplier, based on the lack of a close supplier relationship between the two entities, was unsupported by substantial evidence and otherwise not in accordance with law.

### Count II

15. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 14.

16. Commerce's reliance on LDC's FY 2021, rather than FY 2020, financial statements to calculate the appropriate fruit material price adjustment to LDC's reported cost of production, based on the cost adjustment for procuring only lemon fruit, was unsupported by substantial evidence and otherwise not in accordance with law.

### Count III

17. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16.

18. Commerce's determination to exclude certain administrative expenses associated with services provided by LDC's parent company and/or affiliated holding companies from LDC's G&A expense rate calculation, was unsupported by substantial evidence and otherwise not in accordance with law.

### Count IV

19. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 18.

20. Commerce's decision to deviate from its established practice of calculating the CEP profit rate is unsupported by substantial evidence and otherwise not in accordance with law.

### REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that aspects of Commerce's final determination in the antidumping duty investigation of *Certain Lemon Juice from Brazil* are not supported by substantial record evidence and otherwise not in accordance with law;

2) Remand the final determination to Commerce for disposition consistent with the Court's final opinion; and

3) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel B. Pickard
Daniel B. Pickard, Esq.
Milton I. Koch, CPA*
Mert E. Arkan, Esq.
Claire M. Webster, Esq.
David B. Sessions, Esq.

* Not licensed to practice law

**BUCHANAN INGERSOLL & ROONEY PC**
1700 K Street NW
Suite #300
Washington, D.C. 20006
(202) 438-0070
*Counsel to Ventura Coastal, LLC*

Date: February 16, 2023

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*Ventura Coastal, LLC v. United States*
**Court No. 20-00009**

I hereby certify that a copy of this public submission was served on the following parties, via certified mail, and electronic service, on February 16, 2023.

Gregory J. Spak, Esq.
**White & Case LLP**
701 13th Street, NW
Washington, DC 20005-3807
Phone: 202-626-3600
Email: wdjoberg@clarkhill.com

Camelia C. Mazard, Esq.
**Doyle, Barlow & Mazard, PLLC**
1776 K St., NW
Suite 200
Washington, DC 20006
Phone: 202-589-1837
Email: cmazard@dbmlawgroup.com

Robert Heilferty, Esq.
**U.S. Department of Commerce**
Chief Counsel – Trade Enforcement & Compliance
14th Street and Constitution Ave., NW
Washington, DC 20230

Aluisio Gomien de Lima Campos
**Government of Brazil**
Embassy of Brazil
3009 Whitehaven Street, NW
Washington, DC 20008
Phone: 202-238-2754
Email: aluisio.campos@itamaraty.gov.br

August Jeffrey Golden
**U.S. Department of Juice**
Civil Division, National Courts Section
P.O. Box 480
Ben Franklin Station
Washington, DC

　　　/s/ Mert E. Arkan, Esq.
Mert E. Arkan, Esq.
*Counsel to Ventura Coastal*